IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 21, 2006 Session

**HAL GERBER**

v.

**ROBERT R. HOLCOMB, SALANS, HOLCOMB MANAGEMENT, Inc.,
HOLCOMB INVESTMENTS, L.P., and VANDERBILT UNIVERSITY**

An Appeal from the Chancery Court for Shelby County
No. CH-01-0523-1     Walter L. Evans, Chancellor

No. W2005-02794-COA-R3-CV - Filed October 25, 2006

This is a garnishment action. The plaintiff lawyer filed a lawsuit against the defendant to collect on a promissory note. This lawsuit was settled by a consent decree requiring the defendant to make installment payments. The defendant became delinquent in the agreed payments. The plaintiff then issued a garnishment request to the defendant's employer, based on the consent decree. In response, the defendant filed a motion in the trial court to stay the garnishment and establish installment payments. After a hearing, the trial court entered an order as to the monthly amount to which the plaintiff was entitled in garnished wages. This amount was less than the maximum statutory amount permitted for garnishment. The plaintiff now appeals, arguing that the trial court erred by not awarding the maximum statutory amount. We affirm, finding no abuse of discretion.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

David E. Caywood and Lucie K. Brackin, Memphis, Tennessee, for Plaintiff/Appellant Hal Gerber. Michelle L. Betserai, Memphis, Tennessee, for Defendant/Appellee Robert R. Holcomb.

**OPINION**

On February 21, 2000, Plaintiff/Appellant Hal Gerber ("Gerber") and Defendant/Appellee Robert R. Holcomb, M.D., ("Holcomb") executed a promissory note for $225,000. The promissory note was payable in installments of $5,000, plus 8.5% interest per annum on the unpaid principal balance. The promissory note did not have an acceleration clause.

On March 21, 2001, Gerber filed a complaint against Holcomb in the Shelby County Chancery Court, claiming that Holcomb was seven payments in arrears. Gerber sought a monetary judgment in an amount equal to all installments due on the date of the hearing. In response,

Holcomb admitted the existence and terms of the promissory note, but claimed that Gerber had refused the payments and that consequently the payments were discontinued.

The parties agreed to settle the lawsuit. A consent final decree was entered on September 28, 2001. In the consent decree, the trial court found that there were fourteen installments, at $5,000 each, past due at the time of the hearing. Consequently, Gerber was awarded a judgment against Holcomb in the amount of $70,000 for the past due installments.

Holcomb apparently failed to pay this amount. On September 19, 2005, Gerber issued a garnishment request to Holcomb's employer, Demeter Systems, L.L.C., of Nashville, Tennessee, for Holcomb's wages, pursuant to the September 2001 consent decree. Notice of the garnishment was also sent to Holcomb.

On October 3, 2005, Holcomb filed a motion and affidavit for installment payments and automatic stay of garnishment. In the motion, Holcomb asserted that the garnishment would work an undue hardship on him, and asked the court to set installment payments in a reasonable amount. Holcomb also filed an affidavit of income and expenses. In his affidavit, Holcomb stated that his gross monthly income was $55,000, and his net monthly income was $32,093. Holcomb stated that his total monthly expenses were $34,628, comprised of $15,161 in personal expenses and $19,467 in business expenses.

In response, Gerber filed an affidavit which attached a July 2005 order by the United States Bankruptcy Court for the Middle District of Tennessee, approving settlement of the bankruptcy proceedings on Holcomb Healthcare Services, LLC. The affidavit also attached Holcomb's employment agreement with Demeter Systems, L.L.C. The letter employment agreement, dated August 26, 2005, from Demeter Systems, L.L.C., to Holcomb established that Holcomb would be paid a gross monthly salary of $55,000 for a minimum of forty hours of work per month, and would be reimbursed for reasonable out-of-pocket expenses.

A hearing on Holcomb's motion was held on October 28, 2003. At the hearing, Gerber's counsel requested that the court order garnishment of the maximum statutory amount of 25% of Holcomb's net monthly income, approximately $8,000 per month. In response, Holcomb's attorney explained that Holcomb's income is reduced by a $5,000 per month tax lien by the IRS, as well as Social Security and medicare withholdings, and personal expenses. Holcomb's attorney argued that 25% of Holcomb's net monthly income would be an amount that was more than the amount to which Gerber was entitled under the installment payment plan, and that this result would be inappropriate. Holcomb argued that the amount garnished should be reduced to $2,500 per month. At the conclusion of the hearing, the trial court stated that it would order Holcomb's wages garnished in the amount of $6,000 per month, including interest, until the debt was fully paid.

On November 9, 2005, the Chancery Court entered an order consistent with its oral ruling, finding that Gerber was entitled to garnish Holcomb's wages from Demeter Systems, L.L.C., in the

amount of $6,000 per month, with payments to begin on November 15, 2005. From this order, Gerber now appeals.

On appeal, Gerber argues that the trial court erred by not ordering that the maximum statutory amount of 25% of Holcomb's disposable income from Demeter Systems, L.L.C., be garnished from Holcomb's wages. Gerber asserts that the trial court abused its discretion and that its order was inconsistent with the weight of the evidence. Gerber contends that Holcomb paid only $8,968 to him in the four years following the entry of the consent final decree for a $70,000 judgment. Gerber also argues that Holcomb's assertion that he has $19,467 per month in business expenses is not credible in light of the letter agreement with his employer, stating that Holcomb would be reimbursed for reasonable expenses.

Tennessee's garnishment statute, Tennessee Code Annotated § 26-2-106, provides as follows:

> **Maximum amount of disposable earnings exempt from garnishment---Garnishment costs.---**(a) The *maximum* part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment *may not exceed*:
> (1) Twenty-five percent (25%) of the disposable earnings for that week; or
> (2) The amount by which the disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage at the time the earnings for any pay period become due and payable, whichever is less.

T.C.A. § 26-2-106 (a)(1)-(2) (Supp. 2005) (emphasis added). Under this statute, the only restriction on the trial court's discretion in determining the amount to be garnished is a statutory ceiling on the amount of the award.

Therefore, we must determine whether the trial court's decision to award an amount below the statutory ceiling was an abuse of discretion. A trial court abuses its discretion if it misapplies or misinterprets the controlling legal authority or acts inconsistently with the overwhelming weight of the evidence. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). Accordingly, "[a]n appellate court should not reverse for 'abuse of discretion' a discretionary judgment of a trial court unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining." *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996).

Clearly, there is no language in the statute indicating that the party seeking garnishment is entitled to have the maximum amount garnished. Gerber cites no caselaw or other authority indicating that he is entitled to have the maximum percentage of Holcomb's income garnished. The trial court considered Holcomb's history of nonpayment, Gerber's entitlement to prompt and complete payment of the debt, and Holcomb's shortfall in monthly income, and increased Holcomb's repayment responsibility from the initial amount of $5,000 per month under the promissory note to $6,000 per month, an amount which is three quarters of the maximum amount permitted under the

statute.  Under these circumstances, we cannot conclude that this constitutes an abuse of the trial court's discretion.

The decision of the trial court is affirmed.  Costs of this appeal are hereby taxed against Plaintiff/Appellant Hal Gerber, and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE